1 jPICKETT, Judge.
This case concerns the involuntary termination of the defendant’s parental rights of his three children K.R., C.M. and B.M. The children were originally removed amid allegations of sexual abuse and placed in the custody of the State on December 5, 1994. Eleven days later the children were returned to their mother. The defendant was enjoined from any contact. On December 28, 1994, the children were returned to the State after a determination that the children’s mother could not protect them from the defendant. The Department of Social Services then had the defendant placed in a court ordered sexual offender treatment program. Upon com *713 pletion of the program, G.M. was to be reunited with his children. The defendant denied the allegations of sexual abuse and did not participate in the required treatment.
|;>This matter came to trial again on April 11, 1995, when the defendant expressed to his counsel and the trial court his desire to terminate his parental rights. He was advised of the effects and permanence of what he proposed to do. He then under oath by the trial court stated that he surrendered his paternal rights as to his three children.
On June 6, 1996, the children’s mother executed an act of surrender terminating her parental rights. Sometime thereafter, an employee of the Office of Community Services contacted the defendant to execute a formal surrender. The defendant refused to do so, and the State petitioned the trial court for an involuntary termination of parental rights. A trial was conducted on September 23, 1998. At the conclusion of the trial, the trial court determined that the defendant had abandoned his three children and the court terminated his parental rights and certified the children for adoption.
The defendant appeals this judgment assigning as error the trial court’s finding that the State proved by clear and convincing evidence that he had abandoned his children. La.Ch.Code art. 1015 provides for the involuntary termination of parental rights on the grounds of abandonment:
[[Image here]]
(4) Abandonment of the child by placing him in the physical custody of a nonparent or by otherwise leaving him under circumstances demonstrating an intention to permanently avoid parental responsibility by any of the following:
(a) For a period of at least four months as of the time of the hearing, despite a diligent search, the whereabouts of the child’s parent continue to be unknown.
(b) As of the time the petition is filed, the parent has failed to provide significant contributions to the child’s care and support for any period of six consecutive months.
| a(c) As of the time the petition is filed, the parent has failed to maintain significant contact with the child by visiting him- or communicating with him for any period of six consecutive months.
We have stated previously:
Parental rights to the care, custody, and management of children is a fundamental liberty interest warranting great deference and vigilant protection under the law. State in the Interest of Q.P., 94-609 (La.App. 3 Cir. 11/2/94); 649 So.2d 512. On this basis, the Louisiana legislature has imposed statutorily strict procedural and evidentiary requirements which must be met before issuance of a judgment terminating parental rights. The evidentiary standard established in termination. cases mandates that the State present proof by clear and convincing evidence of the parents’ failure to comply with all the enumerated conditions relied upon in the specific paragraph(s) of Louisiana Children’s Code Art. 1015 before terminating parental rights.
State in Interest of J.K., 97-336 p. 4 (La.App. 3 Cir. 10/29/97); 702 So.2d 1154, 1156.
Termination of parental rights is in derogation of a natural and fundamental right of the parent. Due to its harsh consequences, all reasonable doubts should be resolved against entering a decree of abandonment. State in Interest of Marchadie, 436 So.2d 1234 (La.App. 5 Cir.), writ denied, 441 So.2d 1224 (La.1983). However the juvenile court is ultimately charged with determining whether the totality of circumstances indicates that the parent intended to permanently avoid parental responsibility and to abandon a child. State in Interest of J.K., 702 So.2d 1154.
*714 In the case sub judice, G.M. has not seen his children since he surrendered them in open court in April of 1995. The defendant argues this fact should not be held against him since there is an outstanding court order enjoining him from contacting his children. Defendant then points to cases where failing to provide child support was not found to show abandonment or an intent to permanently avoid parental responsibility. While in certain circumstances it is understandable that a parent’s situation may not allow a parent to comply with support orders or conditions contained in injunctions, in so far as the non-compliance amounts to avoiding ^parental responsibility, that is not the case here. It was always within the defendant’s power to participate in the treatment program which would have ultimately reunited him with his children. He has made no effort to work with the Department of Social Services in seeing his children. Instead, he did not participate in any treatment, in open court and under oath, he stated his intentions to the trial court that he wished to terminate his fundamental rights to his children.
While this declaration may not comport with the voluntary termination requirement of La.Ch.Code art. 1122, it clearly shows the defendant’s intention to permanently avoid parental responsibility and to abandon his three children. Given this declaration and the fact that the defendant has not maintained significant contacts with his children by visiting or communicating with them for over six consecutive months, we find no error in the trial court’s termination of the defendants parental rights as to his three children.
For the foregoing reasons, the judgment of the trial court is affirmed at appellant’s cost.
AFFIRMED.